UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL S. KENNEDY, on behalf of himself and those similarly situated, | Civil Case No.: _____ |
| Plaintiff(s), | CIVIL ACTION |
| -against- | CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |
| BUREAU OF COLLECTION RECOVERY, LLC, and JOHN DOES 1-25, | |
| Defendant(s). | |

## NATURE OF THE ACTION

1.  Plaintiff brings this action on behalf of himself and others similarly situated for damages, declaratory and injunctive relief arising from Defendant's violations of § 1692 et seq. of Title 15 of the United States Code, the Fair Debt Collection Practices Act (FDCPA).

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this matter alleging violations of the FDCPA, 15 U.S.C. § 1692 et seq. pursuant to 15 U.S.C. § 1692k(d).

3.  Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district..

## PARTIES

4.  Plaintiff Michael Kennedy (hereinafter, Kennedy or Plaintiff) resides in Essex County, New Jersey.

5.  Bureau of Collection Recovery. LLC (hereinafter, BCR), is a foreign limited liability company with a main business address located in Eden Prairie, Minnesota.

6.  Defendant John Does 1 to 25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

## ALLEGATIONS OF FACT

Plaintiff Michael Kennedy says:

7.  At all times relevant, the principal purpose of BCR was the collection of debts using the mails and telephone.

8.  At all times relevant, BCR regularly attempted to collect debts alleged to be due to another.

9.  At all times relevant, BCR regularly collected or attempted to collect debts due or alleged to be due another.

10. At all times relevant, BCR regularly collected or attempted to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

11. At all times relevant, BCR used the mail, telephone or other instruments of interstate commerce in its attempts to collect debts due or alleged to be due another.

12. At all times relevant, BCR used the mail, telephone or other instruments of interstate commerce in its attempts to collect consumer debts owed or due or asserted to be owed or due another.

13. At all times relevant, the principal business engaged in by BCR was the collection of debts, which debts were incurred primarily for personal, family or household purposes.

14. BCR is a "debt collector" within the scope of the definition contained in 15 U.S.C. § 1692a(6) and interpretations thereof.

15. BCR has been found to be a "debt collector" and/or has admitted to being a "debt collector" within the scope of the definition contained in 15 U.S.C. § 1692a(6) and interpretations thereof in lawsuits brought against them within the last two years alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.).

16. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

17. The debts alleged to be owed by the Plaintiff and others similarly situated are consumer debts.

18. Plaintiff and others similarly situated are consumers as they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

19. BCR sent Kennedy a letter dated April 23, 2010, a copy of which is attached as Exhibit A. Plaintiff's personal information has been redacted from the copy.

20. BCR's April 23, 2010 letter was an attempt to collect an amount allegedly due to Verizon Wireless.

21. BCR's April 23, 2010 letter was the first written communication that BCR sent to Kennedy concerning the alleged debt.

22. BCR's April 23, 2010 letter was the first written communication that Kennedy received from BCR concerning the alleged debt.

23. BCR's April 23, 2010 letter stated that the total amount that Kennedy owed Verizon Wireless was $1,404.11.

24. The amount of $1,404.11 that BCR alleged that Kennedy owed was identified in its April 23, 2010 letter as the "Total Amount Due:"

25. The amount that BCR stated was due from Kennedy in its April 23, 2010 letter included an amount for "Collection Fees" in the amount of $214.18.

26. In its April 23, 2010 letter, BCR alleged that the principal balance that Kennedy owed Verizon Wireless was $1,189.93.

27. Upon information and belief, the applicable agreement between Kennedy and Verizon Wireless contained a provision that stated: "WE MAY ALSO CHARGE YOU FOR ANY COLLECTION AGENCY FEES THAT WE ARE CHARGED BY A COLLECTION AGENCY WE USE TO COLLECT FROM YOU IF IT IS PERMITTED BY THE LAW OF THE STATE WHERE YOU HAVE YOUR BILLING ADDRESS…"

28. At the time that BCR sent the April 23, 2010 letter, Kennedy did not owe Verizon Wireless "Collection Fees" of $214.18.

29. At the time that it sent the April 23, 2010 letter to Kennedy, BCR had not billed Verizon Wireless for "Collection Fees" in the amount of $214.18.

30. At the time that it sent the April 23, 2010 letter to Kennedy, BCR had not charged Verizon Wireless for "Collection Fees" in the amount of $214.18.

31. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, BCR sent initial collection letters attempting to collect debts on behalf of Verizon Wireless to more than 100 consumers residing within the State of New Jersey.

32. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, BCR sent initial collection letters attempting to collect debts on behalf of Verizon Wireless

to more than 100 consumers residing within the State of New Jersey in which it demanded an amount for "Collection Fees".

33. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, BCR sent initial collection letters attempting to collect debts on behalf of Verizon Wireless to more than 100 consumers residing within the State of New Jersey in which it demanded an amount for collection fees that wasn't due as of the dates of the letters.

34. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, BCR sent initial collection letters attempting to collect debts on behalf of Verizon Wireless to more than 100 consumers residing within the State of New Jersey in which it demanded an amount for collection fees that had not yet been charged to Verizon Wireless as of the date the initial collection letter was sent.

35. BCR knew or should have known that its actions violated the FDCPA. *See* Seeger v. AFNI, Inc., 548 F.3d 1007 (7th Cir. 2008); Kojetin v. CU recovery, Inc., 1999 WL 1847329 (D. Minn. 1999) and Munoz v. Pipestone Financial, LLC, 513 F. Supp.2d 1076 (d. Minn. 2007).

36. BCR could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ACTION ALLEGATIONS

37. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 4:32 of the New Jersey Court Rules. Plaintiff brings this action on behalf of himself and others similarly situated. The Class is initially defined as follows:

> All New Jersey consumers who: A) had a Verizon Wireless contract with a similar collection fee provision as that contained in Plaintiff Horn's contract with Verizion Wireless; B) who were sent initial collection letters from BCR on behalf of Verizon Wireless, within the appropriate statutory period, where BCR demanded

>an amount due as a collection charge; and C) no collection fee had been billed or charged by BCR to Verizon Wireless for any collection service as of the date the initial collection letter was sent.

The class may be subsequently refined. Specifically excluded from this class is any entity in which BCR has a controlling interest, and the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and its assigns of any entity, together with any immediate family member of any officer, director or employee of said companies. Also excluded from the Class is any Judge presiding over this Action and members of their immediate families.

38.  Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

39.  The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

40.  There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals. These common questions include, but are not limited to:

- A.  Whether BCR's demand for an amount as a collection fee on an initial collection letter violates the FDCPA when that amount had not yet been charged or billed to Verizon Wireless;
- 
- B.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of BCR' wrongdoing and, if so what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution;
- C.  Whether Plaintiff and the Class have been injured by BCR's conduct;
- D.  Whether BCR violated the FDCPA by seeking an amount for collection fees in its initial collection letters to Plaintiff and the Class;
- E.  Whether BCR has violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(10), § 1692f and § 1692f(1); and

- F.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  While the economic damages suffered by the individual class members are significant, the amount may be modest compared to the expense and burden of individual litigation. Additionally, the FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

42. The claims of the Plaintiff are typical of the claims of the members of the Class.

43. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

44. Plaintiff does not have interests antagonistic to those of the Class.

45. The Class, of which Plaintiff is a member, is readily identifiable.

46. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel has investigated and identified potential claims in the action; has a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

47. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for BCR in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the

adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

48. BCR has acted or refuse to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

49. Plaintiff does not anticipate any difficulty in the management of this litigation.

## FIRST CLASS COUNT
### Fair Debt Collection Practices Act Violations

50. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

51. BCR violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

52. BCR violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect the alleged debts from Plaintiff and others similarly situated.

53. By demanding an amount for collection fees in its initial collection letters to Plaintiff and others similarly situated when said collection charges weren't yet, if at all, due, BCR violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

54. By representing to Plaintiff and others similarly situated that an amount was due for collection fees in its initial collection letters when said collection charges weren't yet, if at all, due pursuant to the underlying contracts or weren't permitted by law, BCR violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

55. BCR violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of the alleged debts in its initial collection letters to Plaintiff and others similarly situated.

56. BCR violated 15 U.S.C. § 1692e(10) of the FDCPA by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff and others similarly situated.

57. BCR violated 15 U.S.C. § 1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff and others similarly situated.

58. BCR violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect an amount from Plaintiff and others similarly situated that was not expressly authorized by the agreement creating the debt or permitted by law.

59. The violations of the FDCPA described herein constitute *per se* violations.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against BCR as follows:

A. For injunctive relief prohibiting BCR future violations of the FDCPA (15 U.S.C. § 1692 et seq.) as set forth herein and requiring BCR to comply with these statutes and all applicable regulations;

B. For declaratory judgment that BCR violated the FDCPA (15 U.S.C. § 1692 et seq.);

C. For compensatory damages;

D. For maximum statutory damages under the FDCPA (15 U.S.C. § 1692 et seq.) and all other applicable statutes;

E. For reasonable attorneys' fees and costs of suit in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3) and all other applicable statutes;

F. For restitution of all improperly collected collection fee charges which BCR collected from Class Members;

G. For an accounting of the date and amount of all collection fees which BCR billed to Verizon Wireless for each Class Member during the class period;

H. For pre-judgment and post-judgment interest; and

I. For such other and further relief as Plaintiff and others similarly situated may be entitled or as the Court deems equitable and just

Dated: Fairfield, New Jersey
May 20, 2010

        s/ *Joseph K. Jones*_____
Joseph K. Jones (JJ5509)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

        s/ *Glen H. Chulsky*_____
Glen H. Chulsky, Esq.
Law Offices of Glen H. Chulsky
410 Route 10 West, Suite 210
Ledgewood, NJ 07852
(973) 252-9000 – telephone
(973) 252-9100 – facsimile
ghc@njconsumerfraudlawyers.com

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                                                    s/ *Joseph K. Jones*_____  
                                                                          Joseph K. Jones

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 20, 2010

                                                                *s/ Joseph K. Jones*_____  
                                                               Joseph K. Jones

# Exhibit

# A



AN IMPORTANT, TIME-SENSITIVE MESSAGE APPEARS UNDER THE LABEL BELOW. PLEASE REMOVE.

| | |
|---|---|
| **Bureau of Collection Recovery LLC**<br>PO Box 9001, Minnetonka, MN 55345-9001<br>888-276-8572<br>Monday-Thursday 7am-9pm; Friday 7am-5pm<br>**FDCPA Notice** | Date: 04/23/10<br>Creditor: VERIZON WIRELESS<br>Principal Balance: $1,189.93<br>Collection Fees: $214.18<br>Total Amount Due: $1,404.11<br>Account Number: 44295872<br>Creditor Number: 028569727400001 |

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date above, you owe a total amount of $1,404.11.

Mail payments to the address above, or Pay online at http://payments.bureauofcollection.com

---

PEEL HERE

**If your address information has changed, please provide updated information below and reaffix this label to the designated area located on the detachable reply card.**

Name _____

Address _____

_____

_____

INS-625-C-0